UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 17-cv-80442-MIDDLEBROOKS

HELENE RAHAL,

    Plaintiff,

v.

MUSSEL BEACH RESTAURANT INC.,
MARK MEZZANCELLO,
PATRICIA MEZZANCELLO, and
DCB321 LLC,

    Defendants.
_____/

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court on Defendants Mussel Beach Restaurant Inc., Mark Mezzancello, Patricia Mezzancello, and DCB321 LLC's (collectively "Defendants") Motion for Summary Judgment, filed on November 13, 2017. (DE 128). Plaintiff Helene Rahal ("Plaintiff") filed a response on November 28, 2017 (DE 164), to which Defendants replied on December 2, 2017 (DE 171). On November 13, 2017, Plaintiff filed a Motion for Partial Summary Judgment as to Counts I and II only. (DE 131). That Motion is fully briefed as well.

**I.    Background**

Non-Party Joseph Bilotti ("Bilotti") owned a restaurant in Delray Beach, Florida. (DE 129 at 2). In August 2013, Defendants Mark and Patricia Mezzancello (collectively "the Mezzancellos") purchased a 75% interest in the restaurant from Bilotti who retained a 25% ownership interest. (DE 129 at 2). On August 28, 2013, the Mezzancellos and Bilotti formed Mussel Beach Restaurant Inc. ("MBR") and began redesigning the restaurant. (DE 129 at 2).

1

Nearly a year after MBR's formation, the Mezzancellos purchased Bilotti's 25% interest thereby becoming the sole owners of MBR. (DE 129 at 3).

In January 2015, Plaintiff orally agreed to invest $700,000.00 for, among other things, a 49% interest in MBR. (DE 131 at 1). The Parties never memorialized the agreement in writing.[1] (DE 129 at 3). Over the course of the next six months, Plaintiff made three payments, totaling $700,000.00 into DCB321, LLC, an account owned and controlled by Defendant Patricia Mezzancello. (DE 131 at 1). The final payment occurred in July 2015. (DE 131 at 2). On July 29, 2016, Plaintiff was issued a share certificate reflecting a 49% interest in MBR. (DE 131-1 at 1). Plaintiff's present 49% ownership interest is not disputed. (DE 129 ¶ 33).

Plaintiff initiated this action seeking the following forms of relief: an inspection of MBR's corporate documents (Count I), an accounting against MBR (Count II), a Judicial Dissolution of MBR (Count III), as well as damages resulting from Defendants' alleged breach of fiduciary duty (Count IV), unjust enrichment (Count V), breach of oral contract (Count VI), negligent misrepresentation (Count VII), civil theft (Count VIII), and conspiracy to commit civil theft (Count IX). On November 29, 2017, I granted Defendants' Motion for Partial Judgment on the Pleadings as to Plaintiff's claims of unjust enrichment (Count V), civil theft (Count VIII), and conspiracy to commit civil theft (Count IX).

## II. Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the

---

[1] In her response to Defendants' Motion for Summary Judgment, Plaintiff asserts that Patricia Mezzancello possessed a signed contract which was never produced to Plaintiff in discovery. (DE 164-1 at 5). However, Plaintiff fails to identify any evidence to substantiate her assertion that a written contract exists.

2

governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). "Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant." *Ellis v. England*, 432 F.3d 1321, 1325-26 (11th Cir. 2005). "For factual issues to be considered genuine, they must have a real basis in the record." *Id.* at 1326 (internal citation omitted). "For instance, mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Id.* (internal citation omitted). "Moreover, statements in affidavits that are based, in part, upon information and belief, cannot raise genuine issues of fact, and thus also cannot defeat a motion for summary judgment." *Id.* (internal citations omitted).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)(1)(A)). When the moving party bears the burden of proof at trial, "the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys. in State of Ala.*, 941 F.2d 1428, 1438 (11th Cir. 1991) (internal citation omitted). "If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Id.* (internal quotations and citations omitted). When the non-moving party bears the burden of proof on an issue, the moving party may meet its burden

of showing the absence of a genuine issue of material fact "by either pointing out to the court specific portions of the record that it believes demonstrate that the [non-movant] claimant cannot show by a preponderance of the evidence that he is entitled to [judgment], or by introducing affirmative evidence negating the non-movant's case." *Id.* at 1439. At the summary judgment stage, courts construe the facts in the light most favorable to the non-movant, and any doubts should be resolved against the moving party. *Davis v. Williams*, 451 F.3d 759, 761 (11th Cir. 2006); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

### III. DISCUSSION

Defendants move for summary judgment on all counts. Defendants argue that the Parties' oral agreement is unenforceable under Florida's statute of frauds and further argue that the statute of frauds "serves to bar any claims that are premised on the same conduct and representations that were insufficient to form a contract and are merely derivative of the unsuccessful contract claim." (DE 128 at 7). Defendants argue that each of Plaintiff's other claims is "based upon the same conduct and representations that were insufficient to form an enforceable contract," and thus summary judgment is warranted on all counts. Because Defendants' arguments are premised on the theory that the Parties' oral contract is unenforceable, I will first consider whether summary judgment is appropriate as to Count VI (breach of oral contract) before proceeding to Plaintiff's other claims.

#### a. Count VI: Breach of Oral Contract

"To prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *Kolodziej v. Mason*, 774 F.3d 736, 740 (11th Cir. 2014) (*citing Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009)). "An oral contract is subject to all basic requirements of contract law." *Id.* at 741

4

(*citing St. Joe Corp. v. McIver*, 875 So.2d 375, 381 (Fla. 2004)). *Kolodziej v. Mason*, 774 F.3d 736, 740–41 (11th Cir. 2014). The Parties agree that the Mezzancello Defendants "offered to [Plaintiff] an interest as shareholder in MBR, payment of distributions of profits generated by MBR, and payment in full of the investment requested from Rahal within three years" and that "Rahal accepted the offer." (DE 27 ¶ 71; DE 128 at 5). Further, Rahal invested $700,000 in consideration for her ownership interest. (DE 129-9 ¶ 12). Therefore, the Parties do not dispute that they entered into an oral contract.

In Count VI of her Second Amended Complaint, Plaintiff alleges that the Mezzancello Defendants breached the oral contract "by among other things, failing to pay in full the investment made by [Plaintiff] and failing to pay distributions and/or dividends to [Plaintiff] based on profits generated by MBR in 2015, 2016, 2017 through the present time." (DE 27 at ¶ 73). Defendants argue that Florida's statute of frauds bars enforcement of this contract. Florida's statute of frauds provides in pertinent part that:

> No action shall be brought . . . upon any agreement that is not to be performed within the space of 1 year from the making thereof . . . unless the agreement or promise upon which such action shall be brought or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith.

Fla. Stat. § 725.01.

The statute of frauds does not apply in this case. The Florida Uniform Commercial Code ("UCC") provides that, "[a] contract . . . for the sale or purchase of a security is enforceable whether or not there is a writing signed or record authenticated by a party against whom enforcement is sought, even if the contract . . . is not capable of performance within one year of its making." Fla. Stat. § 678.1131. The comment to this provision clarifies that "[t]his section provides that the statute of frauds does not apply to contracts for the sale of securities." Fla. Stat. § 678.1131 cmt.

5

The UCC defines a security as "[a]n obligation of a person or a share, participation, or other interest in a person or in property or an enterprise of a person, which is, or is of a type, dealt in or traded on financial markets, or which is recognized in any area in which it is issued or dealt in as a medium for investment." Fla. Stat. § 678.1021. The UCC additionally provides that "[a] share or similar equity interest issued by a corporation . . . is a security." Fla. Stat. § 678.1031. The comments to § 678.1031 clarify that "shares of closely held corporations are . . . securities." Fla. Stat. § 678.1031 cmt. 2.

The Parties do not dispute that MBR is a Florida corporation authorized to issue shares of stock. (DE 164-8). The Parties also agree that Rahal agreed to invest $700,000.00 in exchange for, among other things, a 49% ownership interest in MBR. (DE 129-9 at 6–7). This is clearly an agreement for the sale of a security and thus is not subject to the statute of frauds.[2] Fla. Stat. § 678.1131. Accordingly, Defendants' Motion for Summary Judgment as to Count VI is denied.

### b. Count VII: Negligent Misrepresentation

Defendants move for summary judgment on Plaintiff's claim for negligent misrepresentation (Count VII) arguing that the claim is "derivative of an unenforceable oral agreement" and is therefore barred by the statute of frauds. (DE 128 at 16). As discussed above, the statute of frauds does not bar enforcement of the Parties' agreement, and thus Defendants' underlying premise is false. Accordingly, Defendants' Motion for Summary Judgment as to Count VII is denied. Defendants similarly argue that summary judgment is appropriate as to Counts I, II, III, and IV on the basis that each count is derivative of an unenforceable agreement.

---

[2] Defendants apparently concede that this agreement is controlled by Fla. Stat. § 678.1131, as they submit no facts or argument in the motion papers to suggest otherwise.

6

These arguments are without merit for the reasons stated above, and need not be considered individually.

### c. Count IV: Breach of Fiduciary Duty

Next, Defendants move for summary judgment on Plaintiff's claim for breach of fiduciary duty (Count IV) arguing that the claim fails as a matter of law because Plaintiff did not bring it in a derivative capacity. The court in *Strazulla v. Riverside Banking Co.* addressed the question of "when individual shareholders can bring a lawsuit in their individual capacity, as a direct action, as opposed to a derivative action on behalf of the corporation." *Strazulla v. Riverside Banking Co.*, 175 So.3d 879, 882 (Fla. 4th DCA 2015). The Court noted that this is a "murky question" under Florida law and proceeded to "adopt a two-prong test as follows: In order for shareholders to bring a direct action in their individual capacity, the shareholders must allege both a direct harm and a special injury." *Id.* at 884–85. However, "[a] shareholder may bring an individual action as an exception to the two-prong test where there is a separate statutory or contractual duty owed by the wrongdoer to the individual shareholder." *Id.* at 885.

Defendants attempt to meet their initial burden of establishing entitlement to summary judgment by asserting that Plaintiff's claims are foreclosed since she is not suing in her derivative capacity. Plaintiff, however, identifies evidence in the record that Defendants owed Plaintiff a separate contractual duty. Specifically, Plaintiff testified that the Parties agreed that her $700,000.00 payment to Defendants would be used "as an investment to grow the business" by among other things, leasing the space adjacent to the restaurant and adding additional seats. (DE 164-5 at 10–11). Plaintiff additionally testified that the Mezzancellos used the $700,000 for "a purpose that was not authorized or intended." (DE 164-5 at 44). Read in the light most favorable to Plaintiff, a reasonable jury could find that Defendants owed Plaintiff a separate

7

contractual duty, and therefore, Defendants fail to show that Plaintiff was required to bring her claim in a derivative capacity. Accordingly, Defendants' Motion for Summary Judgment as to Count IV is denied.

### d. Count I: Inspection of Documents

Both Parties move for Summary Judgment as to Count I. In Count I, Plaintiff seeks "all remedies provided under Florida [sic] for [MBR's] failure to comply with the statutory demand for inspection of documents including, but not limited to, the entry of an order requiring [MBR] to provide copies of all documents requested for inspection by Helene Rahal" and for costs. (DE 27 ¶ 42). Fla. Stat. § 607.1602(1) provides that "[a] shareholder of a corporation is entitled to inspect and copy, during regular business hours at the corporation's principal office, any of the records of the corporation described in § 607.1601(5) if the shareholder gives the corporation written notice of his or her demand at least 5 business days before the date on which he or she wishes to inspect and copy." Fla. Stat. § 607.1602(1). Fla. Stat. § 607.1601(5) lists the following records which may be subject to inspection:

> (a) [The corporation's] articles or restated articles of incorporation and all amendments to them currently in effect; (b) Its bylaws or restated bylaws and all amendments to them currently in effect; (c) Resolutions adopted by its board of directors creating one or more classes or series of shares and fixing their relative rights, preferences, and limitations, if shares issued pursuant to those resolutions are outstanding; (d) The minutes of all shareholders' meetings and records of all action taken by shareholders without a meeting for the past 3 years; (e) Written communications to all shareholders generally or all shareholders of a class or series within the past 3 years, including the financial statements furnished for the past 3 years under § 607.1620; (f) A list of the names and business street addresses of its current directors and officers; and (g) Its most recent annual report delivered to the Department of State under § 607.1622.

Fla. Stat. § 607.1601(5).

The Parties agree that Plaintiff is a shareholder of MBR and that she is entitled to inspect MBR's records. ((DE 129 ¶ 33). The Parties further agree that on October 13, 2016, Plaintiff

8

"made a good faith demand to MBR's former attorney for an inspection of MBR's corporate books and records." (DE 131 ¶ 4, De 178 ¶ 4).

The Parties dispute whether Plaintiff has received all of the documents she requested (DE 128 at 12–13, DE 131 at 11), however, the Parties fail to address the relevant inquiry which is whether Plaintiff has received all documents she is entitled to under Fla. Stat. § 607.1602(1). "The Court need consider only the cited materials" in resolving a motion for summary judgment. Fed. R. Civ. P. 56(c)(3). Both Parties fail to satisfy their "responsibility of . . . identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)(1)(A)). Accordingly, the Parties' Cross-Motions for Summary Judgment as to Count I are denied.

### e. Count II: Accounting Against MBR

Both Parties move for summary judgment on Count II which seeks an accounting related to numerous transactions listed in the Second Amended Complaint. Florida Statute § 607.1602(2) provides that "[a] shareholder of a corporation is entitled to inspect and copy . . . [a]ccounting records of the corporation." Fla. Stat. § 607.1602(2)(b). The Florida Fourth District Court of Appeals has held that "generally speaking [the following records] are the sole relevant corporate records" that a corporation must produce when a stockholder seeks to account for the value of her stock: "a copy of the corporate income tax returns, the general ledger of the corporation, the balance sheets of the corporation, the profit and loss statements of the

9

corporation, and the corporate stockbook." *Jewelers Int'l Showcase, Inc. v. Mandell*, 529 So. 2d 1211, 1212 (Fla. Dist. Ct. App. 1988).[3]

The Parties dispute whether Plaintiff has received all of the documents she requested pursuant to Fla. Stat. § 607.1602(2). Neither Party, however, satisfies its initial burden of production for purposes of summary judgment. Here, Plaintiff bears the burden of proof at trial of showing that she is entitled to an accounting pursuant to § 1602(2) and that Defendants have failed to produce sufficient documents to satisfy the requirement of § 1602(2). In their Motion, Defendants bear the burden of identifying record evidence supporting their assertion that the documents they have supplied to Plaintiff are sufficient to satisfy the requirement of § 1602(2). Defendants identify many documents they have produced but do not explain why those documents are sufficient to satisfy the requirements of § 1602(2), such that there is no genuine issue of material fact exists as to Count II. Similarly, Plaintiff fails to specify in the record exactly what documents Defendants have not yet produced to her and why she is entitled to those records, such that no triable issues exist and summary judgment is warranted in her favor on Count II.

"The Court need consider only the cited materials" in resolving a motion for summary judgment. Fed. R. Civ. P. 56(c)(3). Both Parties fail to satisfy their "responsibility of. . .identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)(1)(A)). Accordingly, the Parties' Cross-Motions for Summary Judgment as to Count II are denied.

---

[3] The Court in *Jewlers Int'l* was construing Fla. Stat. § 607.157, a predecessor of § 607.1602 that has since been repealed.

### f. Count III: Judicial Dissolution

Finally, Defendants move for summary judgment on Plaintiff's claim for judicial dissolution (Count III). In Count III, Plaintiff seeks a judicial dissolution of MBR under Fla. Stat. §607.1430, alleging that "certain corporate assets of MBR have been misapplied or wasted by the Mezzancello Defendants." (DE 27 ¶ 51). Plaintiff alleges that Count III is brought "pursuant to Fla. Stat. § 607.1430(3)" (DE 27 ¶ 49), however, it appears that Plaintiff intended to cite § 607.1430(2), as her allegations in Count III are more consistent with the standard set forth in (2). Defendants appear to have treated Plaintiff's citation to § 607.1430(3) as a clerical error and argue that summary judgment is appropriate under § 607.1430(2). Plaintiff does not respond to Defendants' Motion as to Count III. Accordingly, I will apply the standard set forth in § 607.1430(2) in resolving Defendants' Motion as to Count III, while noting that the same result would be reached under § 607.1430(3).

Florida Statute § 617.1430(2) provides in relevant part that a court "may dissolve a corporation . . . in a proceeding by . . . members holding at least 10 percent of the voting power . . . if it is established that: . . . (c) [t]he corporate assets are being misapplied or wasted." Fla. Stat. § 617.1430(2). Defendants' only argument in support of its Motion for Summary Judgment as to Count III is that Plaintiff's claim should have been brought derivatively, and because it was brought in Plaintiff's individual capacity, the claim fails as a matter of law. Defendants fail to identify any legal authority for this position. Defendants therefore fail to meet their burden "of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Accordingly, Defendants' Motion for Summary Judgment as to Count III is denied. It is hereby

11

**ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment (DE 128) and Plaintiff's Motion for Summary Judgment (DE 131) are **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 17 day of January, 2018.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record